IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY SHEARER,**

    **Plaintiff,**

    v.                                    CASE NO. 23-3215-JWL

**SEDGWICK COUNTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On September 29, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed. This matter is before the Court on Plaintiff's response (Doc. 6).

Plaintiff's claims are set forth in detail in the MOSC. Plaintiff's claims relate to his state criminal proceedings. The Court found in the MOSC that online records show that Plaintiff's criminal proceedings are ongoing, with his case pending on appeal.

The Court advised Plaintiff in the MOSC that it may be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb.*

*v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff has confirmed in his response that his case is currently on appeal and that he is seeking monetary damages. "[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). A stay is appropriate until Plaintiff's state court criminal case has concluded. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

This case will be stayed pending further order of the Court. Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **stayed** pending further order of the Court. Plaintiff should notify the Court as soon as his state criminal proceedings have concluded.

**IT IS SO ORDERED**.

Dated November 17, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**