IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GREGORY SHEARER,

    **Plaintiff,**

v.                                                       CASE NO. 23-3215-JWL

SEDGWICK COUNTY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) On November 17, 2023, the Court entered a Memorandum and Order (Doc. 7) ("M&O") staying this case under *Younger v. Harris*, 401 U.S. 37, 45 (1971), because Plaintiff's claims relate to his state criminal proceedings that are pending on appeal. The Court directed Plaintiff to "notify the Court as soon as his state criminal proceedings have concluded." (Doc. 7, at 2.) This matter is before the Court on Plaintiff's motion to amend his Complaint (Doc. 8). The Court lifts the stay to address Plaintiff's current motion and his failure to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.

In his motion to amend, Plaintiff seeks to add a due process claim to his Complaint, arguing that his plea agreement was breached because his presentence investigative report was prepared by a county officer instead of by a Larned Pre-Sentence Investigator. *Id*. at 1–2. Plaintiff argues that this alleged due process violation created "extraordinary circumstances that make Younger abstention discretionary." *Id*. at 3. Plaintiff states that the relief he is seeking is a

reversal of his conviction, judgment of acquittal, release from custody, and compensatory damages. *Id.* at 2.

The Court previously advised Plaintiff that any federal claim challenging the validity of a sentence in a state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).

Plaintiff's motion to amend fails to comply with the Court's Local Rules. Rule 15.1 requires a party filing a motion to amend to "attach the proposed pleading." D. Kan. Rule 15.1(a)(2). To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff's motion to amend is denied.

Plaintiff filed this case on September 28, 2023, but failed to either pay the filing fee or a motion for leave to proceed in forma pauperis. The Court entered a Notice of Deficiency (Doc. 2) ("NOD") granting Plaintiff until October 30, 2023, to cure the deficiency. On September 29, 2023, the Court entered a Memorandum and Order to Show Cause ("MOSC"), provisionally granting Plaintiff leave to proceed in forma pauperis. (Doc. 3, at 1, 7.) The Court stated in the MOSC that:

> Plaintiff remains obligated to submit the civil action filing fee or a
> motion for leave to proceed in forma pauperis by the **October 30,**

           **2023** deadline set forth in the Court's Notice of Deficiency at Doc. 2. If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

*Id.* at 7. The Court extended the deadline to comply with the NOD to November 17, 2023. (Doc. 5, at 2.) Plaintiff has failed to comply with the NOD and has failed to either pay the filing fee in this case or to file a motion for leave to proceed in forma pauperis. The Court will grant Plaintiff an extension of time to comply with the NOD.

      **IT IS THEREFORE ORDERED BY THE COURT** that the stay is **lifted** in the case to allow the Court to rule on Plaintiff's pending motion and to set a deadline for Plaintiff to comply with the Court's Notice of Deficiency.

      **IT IS FURTHER ORDERED** that Plaintiff's motion to amend (Doc. 8) is **denied.**

      **IT IS FURTHER ORDERED** that Plaintiff remains obligated to submit the civil action filing fee or a motion for leave to proceed in forma pauperis by **March 8, 2024.** If Plaintiff fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

      **IT IS SO ORDERED**.

      **Dated February 15, 2024, in Kansas City, Kansas.**

                                                      **S/ John W. Lungstrum**
                                                      **JOHN W. LUNGSTRUM**
                                                      **UNITED STATES DISTRICT JUDGE**