IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY SHEARER,**

    **Plaintiff,**

    v.                                        CASE NO. 23-3215-JWL

**SEDGWICK COUNTY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), provisionally granting Plaintiff leave to proceed in forma pauperis. (Doc. 3.) The MOSC provides that "Plaintiff remains obligated to submit the civil action filing fee or a motion for leave to proceed in forma pauperis by the October 30, 2023 deadline set forth in the Court's Notice of Deficiency at Doc. 2." *Id*. at 7. On November 17, 2023, the Court entered a Memorandum and Order (Doc. 7) ("M&O") staying this case under *Younger v. Harris*, 401 U.S. 37, 45 (1971), and directing Plaintiff to "notify the Court as soon as his state criminal proceedings have concluded." (Doc. 7, at 2.) The Court lifted the stay to address Plaintiff's motion to amend his Complaint (Doc. 8). On February 15, 2024, the Court entered a Memorandum and Order (Doc. 9) lifting the stay, denying the motion to amend, and granting Plaintiff until March 8, 2024, in which to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.

On March 22, 2024, the Court entered an Order to Show Cause (Doc. 12) ("OSC") granting Plaintiff until April 12, 2024, in which to respond to the OSC. The Court noted in the

OSC that Plaintiff's request for relief in his Complaint seeks a new trial, suppression of the illegally obtained evidence, his release pending trial, and punitive damages. (Doc. 12, at 2.)  The Court previously advised Plaintiff that any federal claim challenging the validity of a sentence in a state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  In the OSC, the Court cautioned Plaintiff that "[b]efore resubmitting his filing fee or a motion for leave to proceed in forma pauperis, Plaintiff should respond to this Order to Show Cause and indicate whether or not he intends to pursue this § 1983 case in light of the Court's previous holding and his newly-filed state habeas action." (Doc. 12, at 2.)

The deadline for Plaintiff to respond to the Court's OSC was April 12, 2024.  Plaintiff has failed to respond to the OSC by the Court's deadline.  Plaintiff has also failed to comply with the Court's Notice of Deficiency at Doc. 2 by either paying the filing fee or submitting a motion for leave to proceed in forma pauperis.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to respond to the OSC by the Court's deadline and has also failed to comply with the Court's Notice of Deficiency at Doc. 2 by either paying the filing fee or submitting a motion for leave to proceed in forma pauperis. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated April 19, 2024, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE